CHRISTINA J. BROWN, Cal. Bar. No. 242130
cbrown5@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Tel: (202) 326-2125

JOHN D. JACOBS, Cal. Bar. No. 134154
Local Counsel
jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Ste. 400
Los Angeles, CA 90024
Tel: (310) 824-4300

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS, LLC,<br><br>Defendant. | Case No. <u>8:24-cv-02684</u><br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S APPLICATION FOR LEAVE TO FILE PORTIONS OF THE COMPLAINT TEMPORARILY UNDER SEAL** |

FTC'S APPLICATION FOR LEAVE TO FILE PORTIONS OF THE COMPLAINT
TEMPORARILY UNDER SEAL

1  Plaintiff Federal Trade Commission ("FTC") respectfully seeks leave of the
2  Court, pursuant to Civil Local Rule 79-5.2.2, to file portions of its Complaint
3  temporarily under seal for ten business days following the entry of the Court's
4  Order, or until the Court resolves any further application to seal.

5  The FTC has both good cause and a compelling reason to temporarily file
6  portions of its Complaint under seal. Before bringing this action, the FTC
7  conducted a nonpublic investigation into unlawful price discrimination in violation
8  of the Robinson-Patman Act by Defendant Southern Glazer's Wine and Spirits,
9  LLC ("Defendant"). The FTC's Complaint includes information related to this
10 conduct that Defendant designated as confidential during the course of the
11 investigation. Before the FTC publicly discloses such information in a law
12 enforcement proceeding, the FTC must afford Defendant an "opportunity to seek
13 an appropriate protective or *in camera* order." 16 C.F.R. § 4.10(g); *see also* 15
14 U.S.C. § 57b-2. Accordingly, even though there is a "strong presumption of public
15 access in civil cases," L.R. 79.5.2.2(a)(i) & (b)(i), the FTC has filed a redacted
16 version of the Complaint on the public docket, lodged under seal the unredacted
17 Complaint with the redacted information highlighted, and filed this Application to
18 provide an opportunity for Defendant to evaluate its previous confidentiality
19 designations and seek appropriate relief from this Court, if needed.

20 To be clear, the FTC believes that Defendant cannot demonstrate good cause
21 or "compelling reasons" to permanently restrict all redacted information in the
22 Complaint from public access. *See McCrary v. Elations Co., LLC*, No. EDCV 13-
23 00242 JGB (OPx), 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014) ("a request
24 to seal all or part of a complaint must clearly meet the 'compelling reasons'
25 standard") (quotation omitted) (citing *Kamakana v. City & Cnty. of Honolulu*, 447
26 F.3d 1172 (9th Cir. 2006)). Indeed, the FTC likely would oppose any application
27 by Defendant to permanently seal, particularly as the majority of redacted material

28 FTC'S APPLICATION FOR LEAVE TO FILE PORTIONS OF THE COMPLAINT
TEMPORARILY UNDER SEAL

"goes to the very heart of the suit" and accordingly "the public interest in access is especially great." *See Soundgarden v. UMG Recordings, Inc.*, No. CV19-05449-JAK(MRWx), 2021 U.S. Dist. LEXIS 268922, at *10 (C.D. Cal. Mar. 29, 2021) (quotation omitted). For this reason, the FTC requests the opportunity to file a response to any application by Defendant to permanently seal portions of the Complaint within fifteen business days following the entry of the Court's Order.[1]

Local Rule 79-5.2.2(a) requires the filing party to "inform[] the Court whether anyone opposes the Application" where the document to be sealed has not been designated as confidential pursuant to a protective order. Where a protective order is implicated, Local Rule 79-5.2.2(b) imposes a requirement to "confer with the person that designated the material confidential." Here, the Complaint contains information that is not subject to a protective order, but which Defendant designated confidential during an FTC investigation, prior to the filing of the Complaint. To the extent the Court finds that the Local Rules require the FTC to

---

[1] For example, allegations concerning Defendant's general sales and financial information, instances of Defendant's price discrimination, and general price differentials are based on analyses of Southern's historic prices and transactions "that would not appear to cause significant competitive harm . . . if divulged." *See FTC v. DIRECTV, Inc.*, No. 15-cv-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017); *see also Sumotex Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2020 WL 836737, at *2 (N.D. Cal. Feb. 20, 2020) ("The Court also notes that the prices are historical and not current; hence, the potential for future harm is not obvious."). Moreover, allegations concerning Defendant's mechanisms of price discrimination, business plans, and pricing strategies and decisions are described "at a 'reasonably high level of generality'" and are essential to the complaint, such that the "compelling reasons" standard cannot be met. *See Soundgarden*, 2021 U.S. Dist. LEXIS 268922, at *11 (quotation omitted); *see also In re Inductors Antitrust Litig.*, No. 5:18-cv-00198-EJD, 2021 U.S. Dist. LEXIS 269383, at *12 (N.D. Cal. July 9, 2021) (denying sealing of information that "pertains to generalized allegations regarding Defendants' price-fixing conduct"); *Ehret v. Uber Techs., Inc.*, No. 14-cv-00113-EMC, 2015 U.S. Dist. LEXIS 161896, at *5 (N.D. Cal. Dec. 2, 2015) (requiring emails "relevant to the merits of the case" to be unredacted).

FTC'S APPLICATION FOR LEAVE TO FILE PORTIONS OF THE COMPLAINT TEMPORARILY UNDER SEAL

inform the Court of any opposition or otherwise confer with Defendant, the FTC respectfully requests the Court waive such requirements for this filing. The FTC could not have conferred with Defendant prior to filing without revealing the then-nonpublic Complaint.

The FTC is concurrently providing Defendant with a copy of the unredacted Complaint and will serve Defendant with a copy of any order the Court enters with respect to this Application.

For the foregoing reasons, the FTC respectfully requests that the Court grant its Application to File Portions of the Complaint Temporarily Under Seal for a period of ten business days. If after ten business days no application to permanently seal has been filed by Defendant, the FTC requests permission to file the unredacted Complaint on the public record.

Dated: December 12, 2024        Respectfully submitted,

/s/ Christina J. Brown
CHRISTINA J. BROWN, Cal. Bar No. 242130
cbrown5@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Tel: (202) 326-2125

JOHN D. JACOBS, Cal. Bar. No. 134154
Local Counsel
jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Ste. 400
Los Angeles, CA 90024
Tel: (310) 824-4300

*Attorneys for Plaintiff Federal Trade Commission*

FTC'S APPLICATION FOR LEAVE TO FILE PORTIONS OF THE COMPLAINT TEMPORARILY UNDER SEAL