**KIRKLAND & ELLIS LLP**
Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
2049 Century Park East, Ste. 3700
Los Angeles, CA 90067
Telephone: 310-552-4200

Craig S. Primis, P.C. (*pro hac vice*)
cprimis@kirkland.com
Matthew S. Owen, P.C. (*pro hac vice*)
matt.owen@kirkland.com
T.J. McCarrick (*pro hac vice*)
tj.mccarrick@kirkland.com
1301 Pennsylvania Ave, NW
Washington, D.C. 20004
Telephone: 202-389-5000

Daniel K. Zach (*pro hac vice*)
dan.zach@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800

*Counsel for Defendant*
*Southern Glazer's Wine and Spirits, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN GLAZER'S WINE AND SPIRITS, LLC,<br><br>Defendant. | CASE NO. 8:24-cv-02684-FWS-ADS<br><br>Judge: Fred W. Slaughter<br><br>**SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S ANSWER TO THE COMPLAINT** |

Southern Glazer's Wine and Spirits, LLC ("SGWS") responds to the allegations of the Complaint of the Federal Trade Commission ("FTC") as set forth below. Any allegation not specifically and expressly admitted is denied.

## INTRODUCTION

This case primarily involves alleged violations of the Robinson-Patman Act, 15 U.S.C. § 13, a little-known federal antitrust statute that has not been used by a government antitrust enforcer in almost a quarter century. In dusting off this statute and misapplying a different one (the Federal Trade Commission Act, 15 U.S.C. § 45), the FTC seeks to stamp out alleged discounts, rebates, and other promotional allowances and practices offered to so-called "chain" retailers that make wine and spirits more affordable for everyday consumers in markets across the United States. The FTC's allegations are meritless. SGWS does not engage in unlawful price discrimination, and if the FTC prevails in this action, it will be at the expense of everyday, average American consumers, who ultimately will pay higher prices to pad the margins of "independent" retailers.

Few statutes have been met with as much skepticism as the Robinson-Patman Act. Judicial and other commentators have observed that the Robinson-Patman Act is "antitrust's least glorious hour" and the "misshapen progeny of intolerable draftsman coupled to wholly mistaken economic theory," Robert H. Bork, *The Antitrust Paradox* 382 (2d ed. 1993); "precision of expression is not an outstanding characteristic of the Robinson-Patman Act," *Automatic Canteen Co. of Am. v. FTC*, 346 U.S. 61, 65 (1953); *accord Boise Cascade Corp. v. FTC*, 837 F.2d 1127, 1138 (D.C. Cir. 1988); and the Robinson-Patman Act "is the most awkwardly drafted of all antitrust legislation," a "roughly hewn, unfinished block of legislative phraseology," *Precision Printing Co. v. Unisource Worldwide, Inc.*, 993 F. Supp. 338, 345 (W.D. Pa. 1998) (quoting Jerrold G. Van Cise, et al., *Understanding the Antitrust Laws* 56 (9th ed. 1986)). Recognizing the potential friction between the Robinson-Patman Act and the usual considerations of antitrust law (like the best interests of consumers), the Supreme Court has warned early and often about

"doctrinaire interpretations of the" Act "that could lead to conflict with the purposes of other antitrust legislation." *See Boise Cascade*, 837 F.2d at 1138 (citing *Automatic Canteen*, 346 U.S. at 63; *Great Atl. & Pac. Tea Co., Inc. v. FTC*, 440 U.S. 69, 80 (1979); *United States v. Gypsum Co.*, 438 U.S. 422, 450-51 (1978)). The law therefore is clear that courts must read the Robinson-Patman Act "consistently with broader policies of the antitrust laws," *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 220 (1993), with an appropriate respect for state alcohol laws, *see* U.S. Const. amend. XXI, and in a manner that avoids "price uniformity and rigidity," *see Great Atl. & Pac.*, 440 U.S. at 80. The FTC's claims fail to do so, and SGWS therefore submits this answer to the complaint.

*First*, the FTC cannot establish that any, much less a majority, of the sales involved in the price discrimination alleged in the complaint meet the Robinson-Patman Act's stringent "in-commerce" requirement. Indeed, the FTC's sweeping theory of jurisdiction ignores the three-tier structure of alcohol distribution in the United States, as well as various state laws mandating that wine and spirits "come to rest" in a state before they are sold to retailers. Unlike jurisdictional elements in other federal statutes, this stringent requirement is not satisfied by transactions that merely affect interstate commerce; at least one of the sales in any pair of allegedly discriminatory transactions must itself cross state lines. The FTC does not make a single allegation that any at-issue sale involved a sale of alcohol from an SGWS distribution center in State A to a retailer in State B, and the allegation that SGWS's sales nevertheless remained in the "flow of commerce" ignores the critical importance and independence of state alcohol laws, which are entitled to deference and respect under the Twenty-First Amendment.

*Second*, the FTC cannot establish that SGWS engaged in unlawful price discrimination. It is telling that after a nearly two-year-long investigation with ample evidence produced, collected, and reviewed, the FTC still has not identified a single specific retailer harmed by SGWS's pricing practices or a single pair of contemporaneous

transactions in which SGWS supposedly charged different prices to similarly situated retailers that actually compete with each other. Armed with allegations about just a handful of states, the FTC asks for a sweeping injunction in 29 separate jurisdictions based on alleged price differentials that lump together all independent retailers and pricing on a statewide basis. It does not take much to see that a small retailer in Carlsbad does not compete for the same dollar as a Costco in Carmel-by-the-Sea. The FTC's approach thus paints a distorted picture that obscures the deal-level details and local competitive dynamics central to any Robinson-Patman Act claim. Worse, it ignores the fact that the market for distribution of wine and spirits is thriving: more retailers, including more independent retailers, compete to distribute more beverage alcohol than before. Contrary to the FTC's claim, this is in no small part due to the fact that SGWS has consistently marketed and expanded its offerings to independent retailers through a variety of deal structures.

*Third*, although the FTC addresses it only in passing, price differentials between chain and independent retailers reflect real cost differences associated with serving those different groups, as well as the competitive dynamics of the industry more broadly. In addition to price support that directly lowers SGWS's cost of selling goods, it is common sense that SGWS can more efficiently deliver a pallet of cases via a trailer to a retailer's distribution center than it can deliver an order of one hand-picked, mix-and-match case to an individual retailer's storefront or shelves. SGWS's pricing also reflects robust competitive pressures that SGWS faces from upstream suppliers, downstream retailers, and rival distributors in highly competitive markets for wine and spirits across the United States. Differences stemming from those factors are plainly pro-competitive and allow SGWS to pass on efficiencies to the end consumers that enjoy the products SGWS distributes.

By singling out SGWS for federal antitrust enforcement based on legitimate, procompetitive behavior, this lawsuit threatens to disrupt competition amongst distributors,

**SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S ANSWER TO THE COMPLAINT**
**CASE NO. 8:24-cv-02684 FWS-ADS**

chill cost-justified and market-responsive pricing, and encourage price uniformity and rigidity, to the detriment of consumers, by raising prices and limiting choices. As a majority of the active FTC commissioners have recognized, the agency is unlikely to prevail on the merits of its claims. For that reason, those same commissioners have publicly acknowledged this lawsuit is an "imprudent use" of "enforcement resources," targets "plainly innocuous or even procompetitive" conduct, and is not "in the interest of the public." *See* Holyoak Dissent at ii-iii; Ferguson Dissent at 1. SGWS intends to vigorously defend this case, and the FTC's request for broad injunctive relief should be denied.

## RESPONSE TO SPECIFIC ALLEGATIONS

1. SGWS denies the allegations in paragraph 1, except that SGWS admits it has wine and spirits distribution operations in 46 states and Washington, D.C.

2. SGWS admits it has wine and spirits distribution operations in 46 states and Washington, D.C., and has operated in multiple states across the country for the past 28 years. SGWS lacks sufficient information to admit or deny whether it is one of the largest privately held firms in the United States. SGWS denies the remaining allegations in paragraph 2.

3. SGWS denies the allegations in paragraph 3.

4. SGWS states that paragraph 4 purports to quote documents, the contents of which speak for themselves and to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 4.

5. SGWS states that paragraph 5 purports to quote a document, the contents of which speak for themselves and to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 5.

6. SGWS states that paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 6.

7. SGWS states that paragraph 7 contains legal conclusions to which no response is required. SGWS further states that paragraph 7 purports to quote a document, the contents of which speak for themselves and to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 7.

8. SGWS states that paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 8.

9. SGWS admits that small, independent retailers play a critical part in the distribution and sale of wine and spirits to consumers and provide value to consumers. SGWS denies the remaining allegations in paragraph 9.

10. SGWS states that paragraph 10 consists of the FTC's characterization of its claims to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 10.

11. SGWS states that paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, SGWS admits that the FTC is an agency of the federal government with authority to investigate and prosecute alleged violations of certain antitrust and competition laws. SGWS lacks sufficient information to admit or deny whether the FTC has brought over 1,400 actions to enforce the Robinson-Patman Act.

12. SGWS admits the allegations in paragraph 12, except that it denies that it is a "corporation" and states that it is a limited liability company.

13. SGWS admits it has wine and spirits distribution operations in 46 states and Washington, D.C. SGWS further admits it was formed through the combination of Southern Wine & Spirits of America, Inc. and Glazer's, Inc., in 2016, and has engaged in a series of pro-competitive transactions over time.

14.     SGWS admits that, in 2023, it directly distributed, or distributed through subsidiaries, over 86,000 items and 334,000 SKUs, including the identified brands.  SGWS states that not all brands are distributed in all jurisdictions in which SGWS operates.

15.     SGWS states that paragraph 15 purports to quote documents, the contents of which speak for themselves and to which no response is required.

16.     SGWS states that paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS denies any violation of Section 2 of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13, and Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

17.     SGWS states that paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS denies subject-matter jurisdiction under the Robinson-Patman Act, 15 U.S.C. § 13(a), over SGWS's sales of wine and spirits from facilities in a state to retailers in the same state.

18.     SGWS states that paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS admits it is subject to personal jurisdiction.

19.     SGWS states that paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS denies the allegations in paragraph 19.

20.     SGWS states that paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS admits the allegations in paragraph 20.

21.     SGWS states that paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS admits that venue is proper in the Central District of California.  SGWS further admits that it sells tens of thousands of different items to thousands of off-premise retail customers in California.  Because the FTC has not disclosed the basis for its calculation of the figures and allegations

in paragraph 21, SGWS lacks sufficient information to admit or deny the remaining allegations in paragraph 21.

22.    SGWS states that paragraph 22 contains legal conclusions to which no response is required.  SGWS further states that paragraph 22 purports to quote a document, the contents of which speak for themselves and to which no response is required.  SGWS admits that the conduct prohibited by the Robinson-Patman Act is colloquially called "price discrimination."

23.    SGWS states that paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS denies that its wine and spirits are commodities of "like grade and quality" sold in transactions "in commerce."

24.    SGWS states that paragraph 24 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS generally admits the allegations in paragraph 24, but states that the regulation of beverage alcohol varies from state to state, resulting in different distribution structures (*e.g.*, certain states may have four tiers).

25.    SGWS states that paragraph 25 contains legal conclusions to which no response is required.  To the extent a response is required, SGWS states that the FTC's lawsuit contains specific allegations only as to certain states, not all open and franchise states.

26.    SGWS admits that it has distributed wine and spirits, including from the identified brands and suppliers.  SGWS states that not all brands are distributed in all jurisdictions in which SGWS operates.  SGWS further admits that it sometimes enters into exclusivity agreements of varying geographic scopes with different suppliers.  SGWS denies that the scope of its exclusivity agreements with suppliers renders transactions between SGWS facilities in a state and retailers in the same state "in commerce."  Because the FTC has not disclosed the basis for its calculation of the figures and formulation of the

allegations in paragraph 26, SGWS lacks sufficient information to admit or deny the remaining allegations in paragraph 26.

27.    SGWS admits that, as a general matter, under the three-tier distribution system for beverage alcohol in the United States, only retailers may sell to end consumers, but states that the regulation of beverage alcohol varies from state to state, resulting in different distribution structures (*e.g.*, direct sales of wine, beer, or spirits to consumers).  SGWS further admits that retailers include on-premise consumption retailers, off-premise consumption retailers, or retailers that offer both on-premise and off-premise consumption. SGWS further admits that off-premise retailers can include chain retailers or independent retailers.  SGWS denies the remaining allegations in paragraph 27.

28.    SGWS admits that it sometimes sells products using purchase orders.  SGWS denies the remaining allegations in paragraph 28.

29.    SGWS admits that its retailer customers have included Total Wine, Binny's, Spec's, BevMo, Kroger, Albertson's, Costco, Sam's Club, Walmart, and Target, as well as a substantial number of independent retailers.  Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 29, SGWS lacks sufficient information to admit or deny the remaining allegations in paragraph 29.

30.    SGWS admits that retailers, including chain retailers, may purchase wine and spirits from SGWS through SGWS salespersons, SGWS's Proof platform, proprietary systems, or third-party applications.  SGWS admits that it dedicates specific employees to chain and independent retailers.  SGWS denies the remaining allegations in paragraph 30.

31.    SGWS admits that it serves independent retailers of different sizes, including grocery stores, convenience stores, local wine and spirits shops, or cooperatives.  SGWS further admits that independent retailers may purchase wine and spirits from SGWS through SGWS salespersons, SGWS's Proof platform, proprietary systems, or third-party applications.  SGWS denies the remaining allegations in paragraph 31.

32.    SGWS denies the allegations in paragraph 32.

**SOUTHERN GLAZER'S WINE AND SPIRITS, LLC'S ANSWER TO THE COMPLAINT
CASE NO. 8:24-cv-02684 FWS-ADS**

33.    SGWS denies the allegations in paragraph 33.

34.    SGWS denies the allegations in paragraph 34.

35.    SGWS denies the allegations in paragraph 35.

36.    SGWS denies the allegations in paragraph 36.

37.    SGWS denies the allegations in paragraph 37.

38.    SGWS denies the allegations in paragraph 37.

39.    SGWS admits that it has offered pricing at various case levels, including the levels referenced in paragraph 39 where permitted by state law.  SGWS further states that paragraph 39 purports to quote documents, the contents of which speak for themselves, and to which no response is required.

40.    SGWS denies the allegations in this paragraph.

41.    SGWS denies the allegations in this paragraph.

42.    SGWS admits that it sometimes allows retailers, including chain retailers, to combine purchases over a period of time to qualify for cumulative quantity discounts, where permitted by state law to do so.  SGWS denies the remaining allegations in paragraph 42.

43.    SGWS admits that it sometimes provides credit memoranda to retailers receiving cumulative quantity discounts, where permitted by state law to do so.  SGWS denies the remaining allegations in paragraph 43.

44.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 44, SGWS lacks sufficient information to admit or deny the allegations in paragraph 44.  To the extent a response is required, SGWS denies the allegation that it engaged in price discrimination with respect to cumulative quantity discounts.

45.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 45, SGWS lacks sufficient information to admit or deny the allegations in paragraph 45.  To the extent a response is required, SGWS

denies the allegation that it engaged in price discrimination with respect to cumulative quantity discounts.

46.    SGWS admits that a scan rebate can be provided to a retailer's customer where permitted by state law.  SGWS lacks sufficient information to admit or deny the remaining allegations in paragraph 46.

47.    SGWS denies the allegation that it engaged in price discrimination with respect to scan rebates.

48.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 48, SGWS lacks sufficient information to admit or deny the allegations in paragraph 48.  To the extent a response is required, SGWS denies the allegation that it engaged in price discrimination with respect to scan rebates.

49.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 49, SGWS lacks sufficient information to admit or deny the allegations in paragraph 49.  To the extent a response is required, SGWS denies the allegation that it engaged in price discrimination with respect to scan rebates.

50.    SGWS admits that it sometimes utilizes "channel pricing" or "directed pricing" for particular case volumes where permitted by state law to do so.  Because the FTC has not disclosed the states in which SGWS is alleged to offer "channel pricing" or "directed pricing," SGWS lacks sufficient information to admit or deny the allegations in paragraph 50.  SGWS denies the allegation that it engaged in price discrimination with respect to "channel pricing" or "directed pricing."

51.    SGWS states that paragraph 51 purports to quote documents, the contents of which speak for themselves and to which no response is required.  To the extent a response is required, SGWS denies the allegations in paragraph 51.

52.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 52, SGWS lacks sufficient information to admit or deny the allegations in paragraph 52.  To the extent a response is required, SGWS

denies the allegation that it engaged in price discrimination with respect to pricing for chain retailers and independent retailers.

53.    SGWS states that paragraph 53 purports to quote documents, the contents of which speak for themselves and to which no response is required.  To the extent a response is required, SGWS denies the allegation that it engaged in price discrimination with respect to pricing for chain retailers and independent retailers.

54.    SGWS states that paragraph 54 purports to characterize documents, the contents of which speak for themselves and to which no response is required.  To the extent a response is required, SGWS denies the allegation that it engaged in price discrimination with respect to price increases or expired pricing for chain retailers and independent retailers.

55.    SGWS denies the allegations in paragraph 55.

56.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 56, SGWS lacks sufficient information to admit or deny the allegations in paragraph 56.  To the extent a response is required, SGWS denies the allegations in paragraph 56.

57.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 57, SGWS lacks sufficient information to admit or deny the allegations in paragraph 57.  To the extent a response is required, SGWS denies the allegations in paragraph 57.

58.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 58, SGWS lacks sufficient information to admit or deny the allegations in paragraph 58.  To the extent a response is required, SGWS denies the allegations in paragraph 58.

59.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 59, SGWS lacks sufficient information to

admit or deny the allegations in paragraph 59.  To the extent a response is required, SGWS denies the allegations in paragraph 59.

60.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 60, SGWS lacks sufficient information to admit or deny the allegations in paragraph 60.  To the extent a response is required, SGWS denies the allegations in paragraph 60.

61.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 61, SGWS lacks sufficient information to admit or deny the allegations in paragraph 61.  To the extent a response is required, SGWS denies the allegations in paragraph 61.

62.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 62, SGWS lacks sufficient information to admit or deny the allegations in paragraph 62.  To the extent a response is required, SGWS denies the allegations in paragraph 62.

63.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in paragraph 63, SGWS lacks sufficient information to admit or deny the allegations in paragraph 63.  To the extent a response is required, SGWS denies the allegations in paragraph 63.

64.    SGWS denies the allegations in paragraph 64.

65.    SGWS denies the allegations in paragraph 65.

66.    SGWS denies the allegations in paragraph 66.

67.    SGWS denies the allegations in paragraph 67.

68.    SGWS admits that Proof is an online purchasing platform used by retailers to purchase wine and spirits.  SGWS further admits that it dedicates certain sales representatives to serving retailers, including independent retailers.  SGWS denies the remaining allegations in paragraph 68.

69.    Because the FTC has not disclosed the basis for its formulation of the allegations in paragraph 69, SGWS lacks sufficient information to admit or deny the allegations in paragraph 69.  To the extent a response is required, SGWS denies the allegations in paragraph 69.

70.    SGWS states that it lacks sufficient information to admit or deny the allegations in paragraph 70 regarding retailers' reasons for purchasing or not purchasing specific volumes of wine and spirits.  SGWS denies the remaining allegations in paragraph 70.

71.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in the complaint related to price discrimination, SGWS lacks sufficient information to admit or deny the allegations in paragraph 71.  To the extent a response is required, SGWS denies the allegations in paragraph 71.

72.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in the complaint related to price discrimination, SGWS lacks sufficient information to admit or deny the allegations in paragraph 72.  To the extent a response is required, SGWS denies the allegations in paragraph 72.

73.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in the complaint related to price discrimination, SGWS lacks sufficient information to admit or deny the allegations in paragraph 73.  To the extent a response is required, SGWS denies the allegations in paragraph 73.

74.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in the complaint related to price discrimination, SGWS lacks sufficient information to admit or deny the allegations in paragraph 74.  To the extent a response is required, SGWS denies that each instance of price discrimination alleged in the complaint involves competing retailers in specific geographic markets.

75.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in the complaint related to price discrimination, SGWS

lacks sufficient information to admit or deny the allegations in paragraph 75. To the extent a response is required, SGWS denies allegations in paragraph 75.

76.    Because the FTC has not disclosed the basis for its calculation of the figures or formulation of the allegations in the complaint related to price discrimination, SGWS lacks sufficient information to admit or deny the allegations in paragraph 76. To the extent a response is required, SGWS denies the allegations in paragraph 76.

77.    SGWS denies the allegations in paragraph 77.

78.    SGWS denies the allegations in paragraph 78.

79.    SGWS states that paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 79.

80.    SGWS states that paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, SGWS admits that its wine and spirits are sold for resale and consumption within the United States, but states that whether purchases are from "out-of-state producers" depends upon the product and state. SGWS denies the remaining allegations in paragraph 80, including the allegation that wine and spirits are sold without transformation. SGWS states, among other things, that it has co-packs, re-packs, single bottle products, and cut cases, all of which entail "transformation" of a product.

81.    SGWS admits that it has national and regional divisions that serve multiple states and suppliers. SGWS denies the allegation that its interstate purchases of wine and spirits from suppliers renders intrastate purchases of wine and spirits by retailers from SGWS "in commerce" for purposes of the Robinson-Patman Act.

82.    SGWS admits that, in some instances, it obtains ownership over wine and spirits after those products leave a supplier's warehouse. SGWS further admits that its wine and spirits are transported to, and come to rest, in individual states before sale to retailers.

83.     SGWS admits that it engages in general demand planning, but denies that demand is "reasonably constant and predictable." SGWS denies that it generally purchases wine or spirits that it then earmarks and delivers to a retailer pursuant to that specific retailer's purchase order. SGWS states that its wine and spirits are transported to, and come to rest, in individual states before sale to retailers. SGWS denies the remaining allegations in paragraph 83.

84.     SGWS states that paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, SGWS denies the allegations in paragraph 84.

**COUNT ONE**
**(Robinson-Patman Act, 15 U.S.C. § 13(a))**

85.     SGWS states that paragraph 85 does not state independent allegations and merely incorporates prior allegations, and thus no response is required. To the extent a response is required, SGWS incorporates its responses to paragraphs 1 through 84.

86.     SGWS denies the allegations in paragraph 86.

**COUNT TWO**
**(Section 5 of Federal Trade Commission Act, 15 U.S.C. § 45)**

87.     SGWS states that paragraph 87 does not state independent allegations and merely incorporates prior allegations, and thus no response is required. To the extent a response is required, SGWS incorporates its responses to paragraphs 1 through 84.

88.     SGWS denies the allegations in paragraph 88.

## AFFIRMATIVE DEFENSES

SGWS submits the following affirmative defenses to the allegations and claims asserted in the complaint. By pleading these defenses, SGWS does not assume the burden of proof, except as to those defenses deemed by law to be affirmative defenses, regardless of how they are pleaded in this answer. SGWS reserves the right to supply and/or modify any of its affirmative defenses.

## FIRST DEFENSE
### Cost Justification

The FTC's claims are barred in whole or in part because alleged price differentials are cost justified. *See* 15 U.S.C. § 13(a). To the extent any pricing, discounts, rebates, or other promotional allowances or practices were provided to retailers, such discounts and rebates were provided based on differences in the cost of manufacture, sale, or delivery of the goods resulting from the differing methods or quantities in which such goods were sold or delivered. Any differences in SGWS's prices between chain and independent retailers reflect differences in SGWS's costs to sell to each retailer segment. Cost differences between chain and independent retailers consist of, among other things, post-sale rebates and discount support from suppliers, operationalized as reductions in SGWS's cost of sales and varying operating costs, including delivery, warehouse occupancy, and selling costs.

## SECOND DEFENSE
### Meeting Competition

The FTC's claims are barred in whole or in part because alleged price differentials meet competition. *See* 15 U.S.C. § 13(b). To the extent any pricing, discounts, rebates, or other promotional allowances or practices were provided to retailers, such discounts and rebates were offered in good faith to match the prices offered by SGWS's competitors for substantially similar products. As an intermediary in a two-sided market, SGWS faces strong competitive pressures from rival distributors for upstream supplier relationships and downstream retailer relationships. On the upstream side, suppliers scrutinize SGWS's

performance, including with respect to depletion goals and point of distribution goals. If suppliers are dissatisfied with SGWS's performance, they can and do switch to rival distributors. On the retailer side, SGWS's pricing structure must satisfy the needs of retailers. If SGWS fails to do so, retailers may purchase less of SGWS's products or cease selling them altogether in favor of the same or substantially similar products from rival distributors. SGWS's pricing reflects and responds to these competitive pressures.

### THIRD DEFENSE
### Functional Availability

The FTC's claims are barred in whole or in part by the doctrine of functional availability. Should SGWS bear the burden of proof regarding this affirmative defense, *but see Mathew Enter., Inc. v. Chrysler Grp., LLC*, 738 F. App'x 569, 571 (9th Cir. 2018), the challenged pricing, discounts, rebates, and other promotional allowances and practices were functionally available to independent retailers. Prevailing discounts or promotional offers in the marketplace generally are made available to every qualifying retailer. Additionally, SGWS creates discount programs that are designed to benefit independent retailers. For example, independent retailers may take advantage of small quantity "mix-and-match" promotions, as such retailers typically have more flexibility to purchase a wide variety of SKUs to take advantage of attractive deals.

### FOURTH DEFENSE
### Functional Discounts

The FTC's claims are barred in whole or in part because certain price differentials may reflect functional discounts. Should SGWS bear the burden of proof regarding this affirmative defense, *but see Mathew Enter., Inc. v. Chrysler Grp., LLC*, 738 F. App'x 569, 571 (9th Cir. 2018), the challenged pricing, discounts, rebates, and other promotional allowances and practices were justified as functional discounts for performance of certain functions for SGWS's products, including but not limited to, valuable advertising and marketing services.

## FIFTH DEFENSE
## Twenty-First Amendment

The FTC's claims are barred in whole or in part by the operation of the Twenty-First Amendment, which "grants the States virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system," complete with "substantial discretion to establish other liquor regulations." *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 110 (1980); *see also, e.g.*, Cal. Bus. & Prof. Code § 23673.

## SIXTH DEFENSE
## Changed Conditions

The FTC's claims are barred in whole or in part due to changed conditions.  To the extent any challenged pricing, discounts, rebates, or other promotional allowances or practices were provided to retailers, the differences were a result of changing conditions in the market for or marketability of goods.

## SEVENTH DEFENSE
## Good Faith

The FTC's claims are barred in whole or in part due to SGWS's good faith.  The acts or omissions alleged to have been committed by SGWS were lawful and were carried out in good faith and for legitimate business and economic considerations.  SGWS's allegedly different pricing, discounts, rebates, and other promotional allowances and practices to different customers were determined in good faith in response to customers' unique business needs.

## EIGHTH DEFENSE
## Fair and Lawful Competition

The FTC's claims are barred in whole or in part because the acts or omissions alleged to have been committed by SGWS were not unlawful, unfair, fraudulent, or deceptive. SGWS is permitted to engage in fair competition.

## NINTH DEFENSE
## Competitive Injury Too Speculative and Remote

The FTC's claims are barred in whole or in part because the allegations of competitive injury are too speculative and remote.  Although the FTC alleges that independent retailers lost customers, made lower profits, and sold lower volumes, there are no facts alleging who those purported customers are, how much lost sales those customers represented, whether they came back, or how much was lost as a result of the lower profits and volumes.

## PRAYER

WHEREFORE, SGWS respectfully prays as follows:

A.   That the complaint be dismissed for lack of subject-matter jurisdiction;

B.   That the complaint be dismissed with prejudice;

C.   That the FTC's request for injunctive relief be denied with prejudice;

D.   That the Court award SGWS any allowable costs and expenses, including attorneys' fees;

E.   That the Court enter judgment in favor of SGWS;

F.   That the Court award further relief as deemed just and proper.

Dated this 15th day of May, 2025

*/s/ Tammy A. Tsoumas*

**KIRKLAND & ELLIS LLP**
Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
2049 Century Park East, Ste. 3700
Los Angeles, CA 90067
Telephone: 310-552-4200

Craig S. Primis, P.C. (*pro hac vice*)
cprimis@kirkland.com
Matthew S. Owen, P.C. (*pro hac vice*)
matt.owen@kirkland.com
T.J. McCarrick (*pro hac vice*)
tj.mccarrick@kirkland.com
1301 Pennsylvania Ave, NW
Washington, D.C. 20004
Telephone: 202-389-5000

Daniel K. Zach (*pro hac vice*)
dan.zach@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800

*Attorneys for Defendant Southern Glazer's Wine and Spirits, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2025, a copy of the foregoing Southern Glazer's Wine and Spirits, LLC, Answer to the Complaint was served electronically through the court's electronic filing system upon all parties appearing on the court's ECF service list.


DATED: May 15, 2025                   /s/ Tammy A. Tsoumas
                                      —————————————————
                                      Tammy A. Tsoumas

                                      *Counsel for Defendant Southern Glazer's Wine and Spirits, LLC*