UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02684-FWS-ADSDate: October 31, 2025
Title: Federal Trade Commission v. Southern Glazers Wine and Spirits, LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER EXTENDING STAY OF PROCEEDINGS DURING UNITED STATES GOVERNMENT CESSATION FOLLOWING OCTOBER 31, 2025 STATUS REPORT [92]**

   In this case, Plaintiff Federal Trade Commission (the "FTC") alleges that Defendant Southern Glazers Wine and Spirits, LLC ("SGWS") "has violated the Robinson-Patman Act by selling wine and spirits 5 to small, independent 'mom and pop' businesses at prices that are drastically higher than the prices Southern charges large national and regional chains."  (Dkt. 1 (Complaint) ¶ 1.)  On October 2, 2025, the court stayed proceedings in this through and including November 7, 2025, based on the FTC's representation that without Congressional appropriation, FTC attorneys are prohibited from working, even on a voluntary basis, except for emergencies involving the safety of human life or the protection of property.  (Dkt. 91.)  The court ordered the parties to file a joint status report on or before October 31, 2025, reflecting the parties' positions regarding whether a further stay of this case is appropriate.  (*Id.*)

   The court has now received the parties' October 31, 2025, status report, which essentially indicates that nothing has changed.  (Dkt. 92.)  Based on the record, as applied to the relevant law, the court determines that a further stay of this case is appropriate.  *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02684-FWS-ADS                                    Date: October 31, 2025
Title: Federal Trade Commission v. Southern Glazers Wine and Spirits, LLC

stay is not a matter of right," but "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.") (citation modified).

Accordingly, the court **EXTENDS** the stay of this case through and including **December 8, 2025**. The court **ORDERS** the parties to file a joint status report or stipulation on or before **December 2, 2025**, reflecting the parties' positions regarding whether a further stay of this case is appropriate. In the event of changed circumstances, such as an end to the government shutdown, the court **ORDERS** the parties to immediately meet and confer regarding appropriate new deadlines and to jointly provide the court with a proposed amended scheduling order for this action within **7 calendar days** of the changed circumstances.